IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02397-CMA-KLM

MARK BLAIR,

    Plaintiff,

v.

FRED LOYA INSURANCE COMPANY,

    Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the parties' **Joint Motion to Stay Proceedings Pending Resolution of Related State Court Appeal** [#21][1] (the "Motion"). In the Motion, the parties ask that this case be stayed pending adjudication of a related state court appeal. *Motion* [#21] at 1.

## I. Background

    As discussed in the Motion, Plaintiff brought a state court action against Defendant's insured relating to a motor vehicle accident in which Plaintiff was injured. *Motion* [#21] at 3; *see also Am. Compl.* [#20] ¶¶ 5-12. Defendant moved to intervene in the state court action. *Motion* [#21] at 3. That motion was denied. *Id.* Defendant appealed the denial of its motion to intervene and that appeal is currently pending before the Colorado Court of

---

[1] "[#21]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order and Recommendation.

1

Appeals. *Id.* at 4. The parties request a stay of this action pending a decision from the Colorado Court of Appeals. *Id.* at 7.

## II. Analysis

**A.     Request For a Stay**

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to enter a stay. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings). The "[C]ourt has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis*, 2012 WL 6153513, at *1 (quoting *Landis,* 299 U.S. at 254 (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss

for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, a stay would apparently not prejudice Plaintiff nor burden Defendant as the parties jointly request a stay of this action. *Motion* [#21] at 1. Therefore, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of a stay. With

regard to the third factor, it is certainly more convenient for the Court to enter a stay until the Colorado Court of Appeals rules on the pending appeal. If the Colorado Court of Appeals vacates the trial court's decision, the judgment that forms the basis for this action will be vacated and this case may be rendered moot. *Motion* [#21] at 5. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor of nor against a stay. With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

Considering these factors, the Court finds that a stay is appropriate in this case.

**B.    Administrative Closure**

Application of the factors examined above results in the conclusion that the imposition of a stay is justified in this matter. However, it is unclear at this point what duration of a stay will be required in this case. This Court routinely administratively closes cases pursuant to D.C.COLO.LCivR 41.2 when a case would otherwise be stayed for an indefinite period of time. *See, e.g., Mauchlin v. Zhon*, No. 12-cv-01449-RM-BNB, 2015 WL 479042, at *1 (D. Colo. Feb. 3, 2015) (administratively closing case "subject to reopening for good cause subsequent to Plaintiff's vision problems being addressed"); *San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (administratively closing case "to be reopened only if the U.S. District Court for the District of Puerto Rico refers a related enforcement matter to this Court");

*Workalemahu v. Heritage Club*, No. 14-cv-02396-RM-MEH, 2015 WL 293261, at *1 (D. Colo. Jan. 21, 2015) (administratively closing case pending arbitration).

The Tenth Circuit has construed an administrative closure to be "the practical equivalent of a stay." *Quinn*, 828 F.2d at 1465 n.2 (10th Cir.1987). In *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389 (1st Cir. 1999), the First Circuit explained the nature of administrative closure as follows:

> Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication. The method is used in various districts throughout the nation in order to shelve pending, but dormant, cases.

*Id*. at 392 (internal citations and quotation marks omitted). The First Circuit further explained that "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository [and] . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality." *Id*.

In this case, the Court finds that administrative closure is appropriate because it is unclear how long it will be before the Colorado Court of Appeals issues its decision. Therefore, the Court will **grant** the Motion and **recommend** that the case be administratively closed pursuant to D.C.COLO.LCivR 41.2.

### III. Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#21] is **GRANTED**. This case is **STAYED** pending further order of the Court.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 11, 2016 at 9:30 a.m. is **VACATED**. The Court will reset the Scheduling Conference, if necessary, after resolution of the pending state court appeal.

IT IS RESPECTFULLY **RECOMMENDED** that this case be administratively closed pursuant to D.C.COLO.LCivR 41.2.

IT IS FURTHER RESPECTFULLY **RECOMMENDED** that, within **30 days** of issuance of a decision by the Colorado Court of Appeals, the parties be ordered to file either: (1) a motion to reopen this case for good cause, or (2) a motion to voluntarily dismiss this case.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 10, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge